# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RUSTY STRICKLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | No. 2:24-cv-60-Z |

**RESPONSE TO THE COURT'S JANUARY 27, 2025 ORDER**

In response to this Court's January 27, 2025 Order, ECF No. 49, the parties respectfully submit the following statements:

**Defendants' Statement:**

Defendants respectfully submit this notice addressing how President Trump's Executive Orders, including Executive Order 14148, *Initial Recissions of Harmful Executive Orders and Actions*, 90 Fed. Reg. 8237 (Jan. 20, 2025), bear on the disposition of this case. *See* ECF No. 49. Based on recent guidance from President Trump and Attorney General Bondi, and consistent with the Court's June 7, 2024 ruling, the Department of Justice has determined that the United States Department of Agriculture ("USDA") programs at issue in this case are unconstitutional to the extent they include preferences based on race and sex. USDA has independently determined that it will no longer employ the race- and sex-based "socially disadvantaged" designation to provide increased benefits based on race and sex in the programs at issue in this case.

1. On January 20, 2025, President Trump revoked Executive Order 13985 of January 20, 2021, *Advancing Racial Equity and Support for Underserved Communities Through the Federal Government*, and Executive Order 14091 of February 16, 2023, *Further Advancing Racial Equity and Support for Underserved Communities Through the Federal Government*. Executive Order 14148, *Initial Recissions of Harmful Executive Orders and Actions*, 90 Fed. Reg. 8237 (Jan. 20, 2025).

The next day, President Trump issued Executive Order 14173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, 90 Fed. Reg. 8633 (Jan. 21, 2025). The President declared that it "is the policy of the United States to protect the civil rights of all Americans and to promote individual initiative, excellence, and hard work" and "order[ed] all executive departments and agencies . . . to terminate all discriminatory and illegal preferences, mandates, policies, programs, activities, guidance, regulations, enforcement actions, consent orders, and requirements." *Id.* The President further directed the termination of all "'diversity,' 'equity,' 'equitable decision-making,' 'equitable deployment of financial and technical assistance,' 'advancing equity,' and like mandates, requirements, programs, or activities, as appropriate." *Id.*

2. On February 5, 2025, Attorney General Bondi issued a Memorandum on *Eliminating Internal Discriminatory Practices*, which emphasizes that the Department of Justice is committed to "ensuring equal protection under the law." As the Attorney General explained, "[e]liminating racial discrimination means eliminating all of it." Attorney General Mem., *Eliminating Internal Discriminatory Practices* (Feb. 5, 2025) (quoting *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S.

181, 206 (2023)). The Attorney General's Memorandum directs the Department of Justice to thoroughly evaluate its litigating positions "for race- or sex-based preferences" and ensure its positions align with the "requirement of equal dignity and respect." *Id.*

3. After a reassessment of this case, the Department of Justice has independently determined that the USDA programs challenged in this case are incompatible with the Constitution to the extent they discriminate based on race and sex. As the Court explained, these "[p]rograms allocated more relief funds to 'socially disadvantaged farmers,' which the regulations define to include" only certain races and women. *Strickland v. United States Dep't of Agric.*, 736 F. Supp. 3d 469, 481, 475 (N.D. Tex. 2024) (footnote omitted). Indeed, the "USDA admits that these Programs benefit 'women and minority farmers' to the detriment of white male farmers because doing so 'reflects the agency's interest and goal of remedying the persistent effects of past discrimination.'" *Id.* at 476 (citing ECF No. 21 at 13); *see also id.* at 484 ("The USDA admits that its Programs discriminate based on sex."). According to the Court, "under the most recent Program, Plaintiffs each received only a tenth of what they otherwise would have received had they been of a different race or sex." *Id.* At bottom, "the challenged programs . . . overtly discriminate on the basis of race" and do not satisfy constitutional scrutiny. *Id.* at 483.

Accordingly, the Department of Justice will no longer defend the merits of the USDA programs at issue in this case to the extent they provide increased benefits based on race and sex. Consistent with the Attorney General's Memorandum, the Department of Justice respectfully withdraws the portions of its prior briefs to the

3

extent they defended the race- and sex-based preferences at issue in this case. USDA's decision to use the race- and sex-neutral "progressive factoring" in its Emergency Relief Program 2022 ("ERP 2022") is otherwise permissible.

As explained in Defendants' Notice of Compliance, ECF No. 27, since this Court's entry of a preliminary injunction on June 7, 2024, Defendants have not been using the socially disadvantaged designation to provide increased benefits based on race and sex in ERP 2022 or the Emergency Livestock Relief Program ("ELRP") 2022, and Defendants will not do so for ERP 2022 and ELRP 2022 going forward.

Although Defendants recognize that vacatur is the default rule in this Circuit, *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023), Defendants preserve their arguments related to remedy and scope of relief, *see* ECF No. 38 at 32-35. In particular, Defendants maintain that nationwide injunctive relief is inappropriate because "a plaintiff's remedy must be 'limited to the inadequacy that produced [his] injury in fact.'" *Gill v. Whitford*, 585 U.S. 48, 66, 72-73 (2018); *see also United States v. Texas*, 599 U.S. 670, 694 (2023) (Gorsuch, J., concurring in the judgment) ("[T]he 'judicial Power' [in U.S. Const. art. III, § 2] is the power to decide cases for parties, not questions for everyone." (cleaned up)).

**Plaintiffs' Statement:**

Plaintiffs' position is that the challenged programs are and were unlawful and unconstitutional regardless of executive action. The revocation of the two Executive Orders does not change that. The programs challenged in this case are directly at odds with the new Executive Order. Plaintiffs anticipate that settlement is possible and likely required under the terms of the new Executive Order. However, to fulfill the

4

Order's requirement for the government to align its litigation positions with the policy of equal dignity and respect identified in section 1 of the Order to end "shameful discrimination" and serve "every person with equal dignity and respect," USDA must undo the broad discriminatory effect of the challenged programs to all recipients rather than just Plaintiffs.

In light of these developments, the parties have conferred and request a 30-day stay of proceedings to discuss a resolution of this matter. The parties propose to file a status report, proposing next steps, if any, within 30 days.

Dated: February 10, 2025          Respectfully submitted,

                                  BRETT A. SHUMATE
                                  Acting Assistant Attorney General
                                  Civil Division

                                  LESLEY FARBY
                                  Deputy Branch Director

                                  */s/ Faith E. Lowry*
                                  FAITH E. LOWRY (TX Bar No. 24099560)
                                  Trial Attorney
                                  U.S. Department of Justice
                                  Civil Division, Federal Programs Branch
                                  1100 L Street NW
                                  Washington, D.C. 20530
                                  Tel: (202) 305-5581
                                  E-mail: faith.e.lowry@usdoj.gov