UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ADAM FAUST,<br><br>*Plaintiff*,<br><br>v.<br><br>BROOKE ROLLINS, in her official capacity as United States Secretary of Agriculture,<br><br>*Defendant*. | Case No. 1:25-cv-854 |

**NOTICE OF FILING**

Defendant Brooke Rollins, in her official capacity as United States Secretary of Agriculture, hereby avers as follows:

1. On June 16, 2025, Plaintiff filed a complaint bringing equal protection challenges to the "socially disadvantaged" designation in three USDA programs: the Dairy Margin Coverage (DMC) Program, 7 U.S.C. § 9054, 7 C.F.R. § 1430.402; the Loan Guarantee Program, 7 U.S.C. § 2008b, 7 C.F.R. § 762.129(b)(1)(v); and the Environmental Quality Incentives Program (EQIP), 16 U.S.C. § 3839aa-2, 7 C.F.R. § 1466.3. *See* Compl. ¶¶ 10–24, ECF No. 1.

2. Defendant's response to Plaintiff's Complaint is due February 20, 2026. *See* ECF No. 14.

3. On July 10, 2025, USDA published a final rule eliminating the race- and sex-based "socially disadvantaged" designation from USDA's discretionary programs, including the Loan Guarantee program. *See Removal of Unconstitutional Preferences Based on Race and Sex in Response to Court Ruling*, 90 Fed. Reg. 30555 (July 10, 2025); *id.* at 30556 (acknowledging

amendments to the "Guaranteed Farm Loans" program under 7 C.F.R. Part 762); *id.* at 30559 (amending 7 C.F.R. §§ 762.129–30).

4. On February 9, 2026, the Department of Justice notified Congress pursuant to 28 U.S.C. § 530D that it will not defend the constitutionality of the race- and sex-based "socially disadvantaged" designation in the DMC and EQIP programs, among numerous other programs enacted under Titles 7 and 16 of the United States Code that require USDA to give preferential treatment to "socially disadvantaged" farmers or ranchers—a category defined solely in terms of race and sex. *See* Exhibit (Letter of Hon. D. John Sauer, United States Solicitor General, to Hon. Mike Johnson, Speaker, United States House of Representatives) ("530D Letter"), https://www.justice.gov/oip/media/1427301/dl?inline. "Specifically, the Department of Justice has determined that the programs are unconstitutional to the extent they include preferences based on race or sex." *Id.*

5. Defendant seeks leave from the Court to treat the 530D letter as Defendant's response to the operative complaint, ECF No. 1. *See, e.g.*, *Tennessee v. U.S. Department of Education*, No. 3:25-cv-270-KAC-DCP (E.D. Tenn.); *Texas Farm Bureau, et al. v. USDA et al.*, No. 2:25-cv-181-Z (N.D. Tex.).

6. Plaintiff does not object to treating the 530D Letter as Defendant's response to the complaint.

7. Anticipating the possibility that entities may seek to intervene following Defendants' publication of the 530D Letter, Defendant respectfully requests that the Court issue a scheduling order setting forth a reasonable deadline for entities to seek leave to intervene. Defendant further requests that the Court set a joint status report deadline for fourteen days after

the above deadline for the parties and any putative intervenors to propose a schedule for further proceedings.

Dated: February 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director

*/s/ Natalie M. Villalon*
NATALIE M. VILLALON
D.C. Bar No. 90015127
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov

*Counsel for Defendant*