

U.S. Department of Justice

Office of the Solicitor General

---

*The Solicitor General*  *Washington, D.C. 20530*

February 9, 2026

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, DC  20515

    Re:    Race- and Sex-Based Preferences in USDA Programs Under Titles 7 and 16 of the United States Code

Dear Mr. Speaker:

    Consistent with 28 U.S.C. 530D, I write to advise you that the Department of Justice has concluded that certain aspects of various programs administered by the United States Department of Agriculture (USDA) violate the Constitution, that the Department of Justice will no longer defend those aspects of the programs in court, and that the Department of Justice will be taking that position in ongoing litigation.  See, *e.g.*, *Texas Farm Bureau* v. *USDA*, No. 25-cv-181 (N.D. Tex.); *Faust* v. *Rollins*, No. 25-cv-854 (E.D. Wis.).  Specifically, the Department of Justice has determined that the programs are unconstitutional to the extent they include preferences based on race or sex.

    Congress has enacted numerous programs under Titles 7 and 16 of the United States Code that require USDA to give preferential treatment to "socially disadvantaged" farmers or ranchers.[1]  Whether by statute or by regulation, the programs define "socially disadvantaged" farmers or ranchers to mean members of certain racial or ethnic groups.[2]  Some of the programs define "socially disadvantaged" farmers or ranchers to mean women as well.[3]  Thus, in giving preferential treatment to "socially disadvantaged" farmers or ranchers, the programs discriminate based on race or sex.

    For example, the Environmental Quality Incentives Program (EQIP) defines "socially disadvantaged farmer or rancher" to mean a farmer or rancher who is a member of "a group whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities."  7 U.S.C. 2279(a)(5) and (6); see 16 U.S.C. 3801(a)(23), 3839aa-2(d)(4), 3841(h).  USDA regulations governing EQIP further identify "American Indians or Alaskan Natives," "Asians or Asian-Americans," "Blacks or African Americans," "Hispanics," and "Native Hawaiians or other Pacific Islanders" as "[s]ocially disadvantaged groups."  7 C.F.R. 1410.2(b).

---

[1] *E.g.*, 7 U.S.C. 1524(a)(3), 1627c(d)(5)(C), 1627c(i)(3)(A)(ii)(II), 1924(d), 1924(e), 1932(e)(11)(B), 1935(a)(1), 1935(d), 1935(e)(2), 1936, 1936c(b), 1936c(d), 1983b(c)(3), 1985(c), 1985 note, 2000(c)(4)(B), 2003, 2008x, 2279, 2279a, 6712, 6934, 7333(k)(2), 7333(*l*)(3), 7625(c), 8111(c), 8711(d)(2), 8752(d)(2), 9014(d)(2), 9054(c)(4), 9081(a)(1), 9081(d)(4); 16 U.S.C. 590h, 2202a(b), 3831c(b)(3)(E), 3839aa-2(d)(4), 3841(h), 3871e(d).
[2] *E.g.*, 7 U.S.C. 2279(a)(5) and (6); 7 C.F.R. 701.2(b), 1410.2(b), 1450.2(b), 1464.3, 1466.3, 2500.103.
[3] *E.g.*, 7 U.S.C. 2003(e), 7 C.F.R. 7 18.2, 761.2(b), 1430.102, 4284.903.

Similarly, USDA regulations governing the Noninsured Crop Disaster Assistance Program (NAP) define "[s]ocially disadvantaged farmer or rancher" to mean "a farmer or rancher who is a member of a socially disadvantaged group whose members have been subjected to racial, ethnic, or gender prejudice because of their identity as members of a group without regard to their individual qualities." 7 C.F.R. 718.2; see 7 U.S.C. 7333(k)(2) and (*l*)(3); 7 C.F.R. 1437.3. Those regulations further identify "American Indians or Alaskan Natives," "Asians or Asian-Americans," "Blacks or African-Americans," "Hispanics or Hispanic-Americans," "Native Hawaiians or other Pacific Islanders," and "Women" as "[s]ocially disadvantaged groups." 7 C.F.R. 718.2.

In *Texas Farm Bureau*, plaintiffs have challenged the constitutionality of EQIP, NAP, and other programs under Titles 7 and 16 that require USDA to give preferential treatment to "socially disadvantaged" farmers or ranchers, alleging that those programs violate the equal protection component of the Fifth Amendment's Due Process Clause. The Department of Justice has now concluded that those programs are unconstitutional to the extent they include preferences based on race or sex.

In *Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard College*, 600 U.S. 181 (2023) (*SFFA*), the Supreme Court held that race-based preferences in the admissions programs at Harvard and the University of North Carolina violated the Fourteenth Amendment's Equal Protection Clause. *Id.* at 213. In so holding, the Court rejected the argument that race-based admissions programs can be justified by the government's interest in "remedy[ing] the effects of societal discrimination." *Id.* at 226. In addition, the Court explained that by relying on "racial categories" that were "arbitrary," "overbroad," and "underinclusive," the admissions programs at issue had "fail[ed] to articulate a meaningful connection between the means they employ and the goals they pursue." *Id.* at 215-216. The Court also emphasized that the programs' reliance on race had no "logical end point." *Id.* at 221 (citation omitted).

In light of the Supreme Court's decision in *SFFA*, the Department of Justice has determined that an interest in remedying the effects of societal discrimination cannot justify the use of race- or sex-based preferences in programs under Titles 7 and 16 that require USDA to give preferential treatment to "socially disadvantaged" farmers or ranchers. The Department of Justice has also determined that, as in *SFFA*, those preferences rely on arbitrary, overbroad, and underinclusive categories and lack any logical end point. For those reasons, the Department of Justice will no longer defend the constitutionality of race- or sex-based preferences in those programs. The Department of Justice, however, continues to defend other aspects of the programs that employ race- and sex-neutral criteria.

Please let me know if I can be of further assistance in this matter.

Sincerely,

D. John Sauer
Solicitor General